# United States Tax Court

167 T.C. No. 2

HOUGH BECK & BAIRD, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19128-24L.                              Filed July 8, 2026.

————

P timely paid its employment tax for the first quarter of 2021 and timely filed its Form 941, Employer's Quarterly Federal Tax Return. Although P did not claim a credit, R treated P as being entitled to one. Because R mistakenly assessed P's federal employment tax liability as zero, R recorded and refunded an overpayment to P. Two years later R sent a letter to P stating that P might have received a refund to which P was not entitled. P neither responded to the letter nor paid the balance due. R then reversed the credit, made a supplemental assessment of P's reported employment tax liability, and issued a Notice of Intent to Levy. P requested a collection due process hearing, after which the Internal Revenue Service Independent Office of Appeals sustained the proposed levy.

Under I.R.C. § 6204(a) the Commissioner may "make a supplemental assessment whenever . . . any assessment is imperfect or incomplete in any material respect." P argues that the original assessment was perfect and complete in all material respects and so R may recover the amount incorrectly returned to P only through a civil erroneous refund action under I.R.C. § 7405. The parties have filed Cross-Motions for Summary Judgment seeking a determination as to whether R's supplemental assessment was proper.

**Served 07/08/26**

*Held*: Because for the first quarter of 2021 R improperly calculated P's federal employment tax liability as zero, the original assessment was imperfect in a material respect.

*Held, further*, because the original assessment was imperfect in a material respect, R's timely supplemental assessment under I.R.C. § 6204 was proper.

—————

*Cory L. Johnson*, for petitioner.

*Farzaneh Savoji* and *Sarah A. Herson*, for respondent.

OPINION

ARBEIT, *Judge*: Petitioner paid its employment tax for the first quarter of 2021 in three deposits and timely filed its Form 941, Employer's Quarterly Federal Tax Return. Although petitioner did not claim a credit, respondent treated petitioner as being entitled to one. Because respondent mistakenly assessed petitioner's federal employment tax liability as zero, respondent recorded the amount paid as an overpayment and issued a refund to petitioner. Respondent later made a supplemental assessment under section 6204 to remedy the mistake and now asks us to sustain a proposed levy to collect an amount equal to petitioner's reported employment tax liability, plus interest.[1]

The parties have filed Cross-Motions for Summary Judgment (petitioner's Motion and respondent's Motion, respectively) seeking a determination as to whether respondent's supplemental assessment was proper. Our Court has not directly addressed when, as the result of the Commissioner's error, an assessment is imperfect. Following three Courts of Appeals, we hold that, when the Internal Revenue Service (IRS) incorrectly calculates the amount of the original assessment, and the mistaken calculation is material, the original assessment is

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26, in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

imperfect in a material respect and the Commissioner may make a timely supplemental assessment to remedy the mistaken calculation. Because respondent's timely supplemental assessment here was proper, we will grant respondent's Motion, deny petitioner's Motion, and sustain the proposed levy.

## *Background*

The following facts are derived from the parties' pleadings, Motion papers, Declarations, and the Exhibits included in the stipulated Administrative Record. They are stated solely for the purpose of deciding the Motions and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994); *see also Rowen v. Commissioner*, 156 T.C. 101, 103 (2021) (reviewed).

At the time of filing the Petition, petitioner's principal place of business was in Washington State. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(G), (2). Some foreshadowing: A Ninth Circuit case is arguably dispositive. *See generally Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

## I.    *Petitioner's Employment Tax Return*

Petitioner is a landscape architecture firm based in Seattle, Washington. To satisfy its federal employment tax obligations, petitioner timely filed its Form 941 as a paper return for the tax period ending March 31, 2021, properly reporting a tax liability of $121,003 and reporting a corresponding amount paid in three deposits. The parties agree (and the record reflects) that petitioner correctly reported and timely paid its federal employment tax for the first quarter of 2021 and did not claim a credit on its Form 941.

## II.    *Respondent's Mistaken Assessment*

On June 21, 2021, respondent assessed petitioner's employment tax liability for the first quarter of 2021 as zero by treating petitioner as entitled to a credit. Because petitioner had made deposits equal to $121,003, respondent treated petitioner as having made an overpayment of that amount. Thus, as a result of the mistaken assessment, respondent refunded to petitioner $121,003, along with $89 in interest.

After learning of the refund issued to petitioner, petitioner's accountant, Richard Miller, called the IRS. An IRS representative told Mr. Miller that petitioner was entitled to the refund as a result of "COVID Employee Retention Credits" given to certain employers to provide relief during the COVID–19 pandemic.

III.   *Respondent's Supplemental Assessment*

Two years later, in May 2023, respondent issued to petitioner Letter 6552, stating that petitioner might have received a refund to which the firm was not entitled. The letter proposed an adjustment to petitioner's employment tax liability for the first quarter of 2021. Petitioner neither responded to the letter nor paid the balance due.

Petitioner's account transcript shows that on July 17, 2023, respondent, upon reversing the credit, made a supplemental assessment of $121,003, the amount of petitioner's reported employment tax liability for the first quarter of 2021. The account transcript also shows an interest charge for late payment as of the same date of $12,582.

Respondent then issued a notice of balance due, which petitioner did not pay. On April 2, 2024, respondent issued Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Rights to a Hearing. In response, on April 15, 2024, petitioner filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, selecting "I am not liable for the tax the IRS is trying to collect" as the reason for requesting a collection due process (CDP) hearing with the IRS Independent Office of Appeals (Appeals).

IV.   *CDP Hearing and Tax Court Proceeding*

On July 9, 2024, petitioner had its CDP hearing, during which Appeals Officer Patricia Williams (AO Williams) and petitioner's counsel discussed petitioner's challenge to the tax liability underlying the proposed levy. Over the following weeks and months, AO Williams and petitioner's counsel discussed the caselaw over email and on phone calls. Ultimately in November 2024 Appeals issued a Notice of Determination sustaining the proposed levy.

In December 2024 petitioner filed the Petition. On September 15, 2025, the parties filed their respective Motions. Petitioner argues that, because the original assessment was perfect and complete in all material respects, respondent may recover the amount incorrectly returned to petitioner only through a civil erroneous refund action under

section 7405. Because respondent did not initiate such a suit, petitioner argues that respondent is barred from collecting any amount under the proposed levy. For the reasons below we cannot agree.

*Discussion*

I.    *Summary Judgment Standard*

Summary judgment may be granted where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp.*, 98 T.C. at 520. Facts are viewed in the light most favorable to the adverse party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985).

The parties agree on the material facts affecting the application of section 6204(a). Because the proper interpretation of that provision is a question of law, the issue presented by the Motions is appropriate for summary adjudication.

II.   *Standard of Review*

When faced with a legal question (e.g., whether respondent's supplemental assessment was proper), the standard of review makes no difference. *See Kendricks v. Commissioner*, 124 T.C. 69, 75 (2005). Whether we review de novo or for abuse of discretion, we must reject erroneous views of the law. *See id.*

III.  *Supplemental Assessments*

Section 6201(a) gives the Commissioner broad authority "to make the inquiries, determinations, and assessments of all taxes . . . imposed by [the Code]." A taxpayer generally first computes the tax due and files the appropriate tax return with any required payment. *See United States v. Galletti*, 541 U.S. 114, 122 (2004). In the employment tax context, if the IRS disagrees with the tax liability determined by the taxpayer, the IRS may enter a different assessment, by "recording the liability of the taxpayer in the office of the Secretary." *See id.* (quoting § 6203). In other words, when the IRS rejects the amount reported by the taxpayer the IRS "calculates the proper amount of liability and records it in the Government's books." *See id.*

A tax, once correctly assessed and paid, is extinguished. *See O'Bryant v. United States*, 49 F.3d 340, 345–46 (7th Cir. 1995). However when the original assessment is "imperfect or incomplete in any

material respect," section 6204 allows the Commissioner to make a supplemental assessment within three years after the return was filed. *See also* § 6501(a). The Commissioner may then collect the tax by levy within ten years after a timely reassessment. *See* § 6502(a)(1).

Neither the Code nor the regulations define "imperfect" or "incomplete" as used in section 6204(a). Our Court has addressed at least once when an assessment was "incomplete." *See Estate of Wilbanks v. Commissioner*, T.C. Memo. 1991-45, 61 T.C.M. (CCH) 1779, 1781, *aff'd*, 953 F.2d 651 (11th Cir. 1992) (unpublished table decision). In that case the Commissioner assessed the addition to tax under section 6651(a)(1) for failure to timely file a return. *See Estate of Wilbanks*, 61 T.C.M. (CCH) at 1780. Because the taxpayer was under audit, however, the Commissioner determined that the addition to tax was "erroneously assessed," abated the assessment with the addition to tax, and made a new assessment without the addition to tax. *See id.* at 1781. After the audit, though, the "facts became known" that there was no "reasonable explanation" for the taxpayer's late filing. *See id.* Thus the new assessment was "'incomplete' in a 'material respect.'" *See id.* The Commissioner then made a supplemental assessment (to include the addition to tax), and the Court held that doing so "was within his authority." *See id.*

Further, three Courts of Appeals, including the Ninth Circuit, have found an assessment to be imperfect or incomplete in a material respect as the result of the Commissioner's error, and all three courts have upheld the Commissioner's supplemental assessment under section 6204. First, the Ninth Circuit held that because the Commissioner "mistakenly assessed [the taxpayer's] liability" as less than $1,000 instead of almost $200,000, the "initial assessment of [the taxpayer's] liability was imperfect" and the Commissioner could make a supplemental assessment. *See Brookhurst, Inc. v. United States*, 931 F.2d 554, 555, 557 (9th Cir. 1991). Second, the U.S. Court of Appeals for the Second Circuit held that, even when the original assessment was invalid, the Commissioner could make a supplemental assessment. *See Johnson v. United States*, 123 F.3d 700, 705 (2d Cir. 1997). Third, the U.S. Court of Appeals for the Seventh Circuit held that because the Commissioner "understated the [taxpayers'] tax liability" by more than $5,000, the "initial assessment was 'imperfect or incomplete in [a] material respect'" and the Commissioner could make a supplemental assessment. *See United States v. Frontone*, 383 F.3d 656, 658–59 (7th Cir. 2004).

IV.  *Analysis of the Supplemental Assessment*

The original assessment here was imperfect in a material respect. On its return petitioner reported its employment tax to be $121,003. But respondent rejected the amount petitioner reported by mistakenly applying a credit to offset the tax, bringing petitioner's liability to zero, before payments. *See Galletti*, 541 U.S. at 122. Because respondent disagreed with the liability petitioner reported, respondent entered a different assessment—zero—as the original assessment. *See id.* That assessment misstated petitioner's liability by the entire amount of petitioner's employment tax liability, making the original assessment imperfect in a material respect. *See Frontone*, 383 F.3d at 658–59; *Brookhurst*, 931 F.2d at 555, 557.

The imperfect assessment here is strikingly similar to those in *Frontone* and *Brookhurst*. In *Frontone*, 383 F.3d at 657, the Commissioner issued a refund to the taxpayers after miscalculating their tax liability. Similarly in *Brookhurst*, 931 F.2d at 555, the Commissioner "mistakenly assessed" the taxpayer's employment tax liability when he assessed a smaller amount than what the taxpayer paid and reported on its return. Just as here, the mistaken assessment in *Brookhurst* resulted in an overpayment that the Commissioner refunded. *See id.* In each case, the court concluded that the original assessment was imperfect or incomplete in a material aspect. *See Frontone*, 383 F.3d at 658–59; *Brookhurst*, 931 F.2d at 557. We find these two cases—and especially *Brookhurst*—to be almost directly on point and highly persuasive.

But we would distinguish another case, *O'Bryant*, which the parties discuss at length. In *O'Bryant*, 49 F.3d at 341, the Commissioner made an initial assessment of a negotiated amount, which the taxpayers paid in full without requesting a refund. The Commissioner double posted the payment, however, resulting in the posting of an overpayment and the payment of a refund. *See id.* Thus *O'Bryant* arguably was not about an imperfect or incomplete assessment: The IRS simply treated the taxpayers as having paid twice. *See id.* In fact the court noted that the Commissioner's decision not to make a supplemental assessment made sense because "there [was] no problem with the original assessment." *See id.* at 343 n.6. *See generally Frontone*, 383 F.3d at 661–62 (distinguishing *O'Bryant*).

Here, just as in *Frontone*, 383 F.3d at 659, respondent first understated petitioner's tax liability (as zero) and then made a new,

accurate assessment. The "ultimate source" of respondent's claim remains petitioner's employment tax liability. *See id.* at 661. Yes petitioner paid that amount when the firm first filed its return; but the money was returned by mistake and the firm must "pay it again." *See id.* at 659. In *O'Bryant*, 49 F.3d at 346, the Court held that there was a "fundamental difference in character" between the money the taxpayers received as a result of the Commissioner's double posting error and the money they originally owed. Here however the money petitioner received as a result of respondent's mistaken assessment is the same money petitioner originally owed. *See Frontone*, 383 F.3d at 659. Petitioner's employment tax liability has not been extinguished and remains outstanding. *Contra O'Bryant*, 49 F.3d at 345–46.

Accordingly we hold that because the original assessment here was imperfect in a material respect, respondent had the authority to make a timely supplemental assessment under section 6204 supporting his current collection efforts. *See* § 6502(a)(1); *see also Brookhurst*, 931 F.2d at 556–57 (holding that, pursuant to a supplemental assessment under section 6204, the Commissioner was entitled to collect unpaid employment taxes by levy). Our decision follows the Code and persuasive precedent. *See Frontone*, 383 F.3d at 658–59; *Brookhurst*, 931 F.2d at 556–57.

V. *Conclusion*

Because the original assessment of petitioner's employment tax liability was imperfect in a material respect, respondent's supplemental assessment was proper. Accordingly we will grant respondent's Motion, deny petitioner's Motion, and sustain the proposed levy.

To reflect the foregoing,

*An appropriate order and decision will be entered.*